**STEVENS et al.**

v.

**CAMPBELL et al.**

**Civ. A. No. 71–1571.**

United States District Court,
D. Massachusetts.

Sept. 27, 1971.

---

*  *  *

*    *    *    *    *

Thomas A. Mela, Mass. Law Reform, Melvyn Zarr, Boston, Mass., James Slavin, Worcester, Mass., for plaintiffs.

John F. McGarry, Walter H. Mayo, Asst. Attys. Gen., Boston, Mass., for defendants.

Before COFFIN, Circuit Judge, GARRITY, District Judge, and WYZANSKI, Senior District Judge.

## OPINION

WYZANSKI, District Judge.

This is a 42 U.S.C. § 1983 action. Injunctive and declaratory relief is sought against the enforcement of Mass.G.L. c. 31 § 21(2). That sub-section denies to an otherwise qualified veteran a preference in opportunity for permanent appointment in the classified civil service of the Commonwealth if he is not one "(a) whose domicil was in Massachusetts for not less than six months next prior to his entry into such [wartime] service in the armed services, or (b) who has resided in the commonwealth for five consecutive years next prior to the date of claiming preference as a veteran with the proper authority." The claim is that the residence requirement just quoted[1] denies plaintiffs the equal

---

1. The complaint makes specific reference to the alleged unconstitutionality of only Mass.G.L. c. 31 § 21(2) (a) and does not cite Mass.G.L. c. 31 § 21(2) (b). But the general language of the complaint, as, for example, in paragraphs 13 and 14, the stipulation of facts, and the arguments of counsel make it clear that plaintiffs are

protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution, imposes an impermissible burden upon plaintiffs' constitutional right to travel, and operates in a forbidden discriminatory manner against blacks and Puerto Ricans. Jurisdiction is based on 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. §§ 2201 and 2202. The basic facts have been stipulated.

Each of the four named plaintiffs has applied for employment in a position in the classified civil service of the Commonwealth. Each meets the requirements established by Mass.G.L. c. 31 § 21(1) for a veteran's preference, but none of them meets the residence requirements established by Mass.G.L. c. 31 § 21(2).[2]

The named plaintiffs sue on behalf of themselves and of a class and a sub-class of persons said to be similarly situated. The broad class includes all those applicants for Massachusetts civil service positions who satisfy the requirements of Mass.G.L. c. 31 § 21(1), but do not meet the requirements of Mass.G.L. c. 31 § 21(2). The sub-class is limited to such members of the broad class as are black or Puerto Rican.

Defendants are the five commissioners of the Massachusetts Civil Service Commission and the Massachusetts Director of Civil Service.

The civil service laws of Massachusetts and the regulations of the Commission operate in the following way.

The general scheme is that in connection with permanent appointments in the Massachusetts classified civil service, "no person shall be appointed * * * except upon requisition by the appointing officer and upon certification by the [Civil Service] director from an eligible list." Mass.G.L. c. 31 § 15.

The Director prepares his eligibility list in accordance with Mass.G.L. c. 31 § 23 which provides that the names of persons who pass examinations for appointment to any position classified under the civil service shall be placed upon the eligible lists in the following order: (1) disabled veterans in the order of their respective standing, (2) veterans in the order of their respective standing, (3) widows or widowed mothers of veterans in the order of their respective standing, and (4) other applicants in the order of their respective standing. The effect of this statute is that a person who falls within class 2 as a veteran who has passed an examination is ranked above a person who falls within class 4 because he is not a veteran but who passed the same examination with a higher grade than the veteran.

Under Civil Service Rule 14, the Director in making his certification from the eligibility list takes into account the number of permanent positions to which appointment is to be made. Under that rule certification is made in the order of the standing on the eligible list, and the number of persons to be certified is determined by the number of vacancies to be filled. Thus if there is 1 vacancy, the director certifies the top 3 names; if there are 2 vacancies, he certifies the top 4; if 3 vacancies, the top 5; and so forth. Thus a person's chance of being among those certified may depend upon whether he

---

attacking both sub-section (a) and (b) of Mass.G.L. c. 31 § 21(2).

2. Mass.G.L. c. 31 § 21 provides that: "The word 'veteran' as used in this chapter shall mean: any citizen who—

(1) (a) Is a veteran as defined in clause Forty-third of section seven of chapter four, or (b) meets all the requirements of said clause Forty-third except that instead of performing wartime service as so defined he has been awarded one of the campaign badges enumerated in this section, or has been awarded the congressional medal of honor; and

(2) (a) Whose domicil was in Massachusetts for not less than six months next prior to his entry into such service in the armed forces, or (b) who has resided in the commonwealth for five consecutive years next prior to the date of claiming preference as a veteran with the proper authority."

has the status of a veteran under Mass. G.L. c. 31 § 21(1) and (2).

The relationship between veteran's preference and opportunities for employment in the classified civil service of Massachusetts is sufficiently illustrated by the typical instance of the plaintiff Stevens. The City of Worcester made a requisition to the Civil Service Commission for a certification of persons eligible to be appointed as buyer. The Commission set an examination which Stevens took and passed with a very high grade. Although he satisfied the requirement of Mass.G.L. c. 31 § 21(1), he did not fulfill the requirement of Mass. G.L. c. 31 § 21(2). If it were not for Mass.G.L. c. 31 § 21(2), his high grade would make him the first of three persons certified by the Commission to the City of Worcester as eligible for appointment. But if he is subject to Mass.G.L. c. 31 § 21(2) he will not be among the three persons certified because there are three persons who passed the examination with grades below his but who do satisfy the requirements of Mass.G.L. c. 31 § 21(2).

It being undisputed that plaintiff Stevens, the other named plaintiffs, and the class on whose behalf the named plaintiffs sue are all adversely affected with respect to their opportunities for appointment to permanent positions in the Massachusetts classified civil service by the actual or potential application to them of Mass.G.L. c. 31 § 21(2), we are required to consider the constitutionality of that sub-section.

The effect of that sub-section is to establish two classes of veterans: one to which preference will be given either because the members of that first class were domiciled in Massachusetts for not less than six months next prior to military service or because they resided in Massachusetts for five consecutive years next prior to claiming preference; and the other to which no preference will be given inasmuch as the members of that second class do not fulfill those requirements.

Plaintiffs contend that the aforesaid classification is constitutional only if it furthers a compelling state interest, and that it is insufficient if the classification merely is rationally related to a permissible goal of the state. This contention is based upon plaintiffs' reading of Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). That case held that a state is constitutionally forbidden to use a requirement of one year's residence within the state as a ground for withholding welfare benefit payments from persons who met all other eligibility requirements, unless such residence requirement is shown to be necessary to promote a compelling governmental interest. Plaintiffs also rely on Cole v. Housing Authority of Newport, 435 F.2d 807 (1st Cir. 1970), and Carter v. Gallagher, D.Minn., August 6, 1971.

We do not reach the issue whether this statute is supported by a compelling state interest.[3] The residence requirement here attacked does not meet even the looser test of rational relationship, and, *a fortiori* does not meet the compelling state interest test. It is thus a denial of equal protection under the traditional standard. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S. Ct. 337, 55 L.Ed. 369 (1911); McGowan v. Maryland, 366 U.S. 420, 425, 427, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

In considering whether Mass.G.L. c. 31 § 21(2) rationally serves a permissible interest, we note that the interest might be connected with the purposes of the veteran's preference law, or the purposes of the civil service system, or indeed any legitimate public purpose.

3. Our caution is in part derived from Starns v. Malkerson, 326 F.Supp. 234 (D. Minn.1970), aff'd 401 U.S. 985, 91 S.Ct. 1231, 28 L.Ed.2d 527 (1971), in which the Supreme Court affirmed without opinion a district court ruling that upheld the constitutionality of Minnesota's one-year durational residency requirement for reduced university tuition.

In attempting to ascertain the interests sought to be served by the Massachusetts statute, we are not aided by any published legislative history. But we do have the advantage of an opinion by the Massachusetts Supreme Judicial Court sustaining the constitutionality of an early veteran's preference statute, St.1896, c. 517. In the Opinion of the Justices, 166 Mass. 589, 595, 44 N.E. 625, 627 (1896) it was pointed out that the legislature might wish to prefer a veteran because he "is a person who has shown such qualities of character that it is for the interests of the Commonwealth to appoint him to certain offices or employments in preference to other male persons, if he is found otherwise qualified to perform the duties. The General Court may have so thought, on the ground either that such a person would be likely to possess courage, constancy, habits of obedience, and fidelity, which are valuable qualifications for any public office or employment, or that the recognition of the services of veterans in the way provided for by the statute would promote that love of country and devotion to the welfare of the State which it concerns the Commonwealth to foster." Plaintiffs do not here contend that these purposes are constitutionally impermissible.

It is clear that the residence requirement under attack has no plausible relation to such stated interests. A veteran who is a new resident of Massachusetts would be as likely as a former resident or a long-time resident to have courage, constancy, habits of obedience, and fidelity and to have shown patriotism to the nation. Moreover, his action in serving in the armed forces of the nation would have served the welfare of Massachusetts as fully as that of any resident recruit.

Nor does the residence requirement here attacked serve some permissible interest of the civil service system. It cannot validly be claimed that the purpose of this residence requirement is to limit public employment in the civil service (as distinguished from other types of employment) to persons who have familiarity with local affairs. Even if such a purpose were constitutional—a point upon which we express no opinion—this particular requirement does not have that purpose. As a result of Civil Service Rule 4, Massachusetts already requires that an applicant for a civil service position must have been domiciled in the Commonwealth for one year. Without expressing any opinion on the validity of Rule 4, we are clear that there is no purpose rationally related to the civil service system which would justify an additional residential requirement based upon the alternatives of six months' domicil prior to wartime service or of five years' residence prior to claiming preference.

What we have here is an attempt by Massachusetts to prefer its own residents to those of other states upon a time basis which is entirely arbitrary, and which at most could be said to have some relation to the prior contributions made by Massachusetts residents to the Commonwealth. But even if the time periods were not arbitrarily selected, it would not be constitutionally permissible for Massachusetts to make a right or privilege depend upon the mere fact that the recipient was one of Massachusetts' own people who presumptively had contributed his taxes or services to the Commonwealth. Shapiro v. Thompson, 394 U.S. 618, 632–633, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

In short, Mass.G.L. c. 31 § 21(2) imposes upon admission to the class of persons who are entitled to preference in public employment a limitation which has no relevance to any legitimate governmental purpose. In imposing that irrelevant and hence irrational limitation, the Commonwealth has deprived plaintiffs of the equal protection of the laws guaranteed by the Fourteenth Amendment. A legislative measure denies equal protection if "it is without any reasonable basis, and therefore is purely arbitrary." Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911). Cf. Flem-

ming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). See Shapiro v. Thompson, 394 U.S. 618, 638, note 20, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

We have no need to consider whether there are other reasons, such as the claim that the statute is impermissibly discriminatory on racial grounds, why Mass.G.L. c. 31 § 21(2) is unconstitutional.

The decision that Mass.G.L. c. 31 § 21(2) is unconstitutional makes it appropriate to consider whether there survives in connection with appointments to positions in the civil service a veteran's preference as defined in Mass.G.L. c. 31 § 21(1). The issue is whether the whole codification of the veteran's preference statutes is to be deemed invalid merely because a part thereof is unconstitutional.

██ This issue must be determined on the basis of Massachusetts, not federal, law. Under Massachusetts law the question is what the Massachusetts legislature would have intended. Salisbury Land and Improvement Co. v. Commonwealth, 215 Mass. 371, 102 N.E. 619 (1913); Commonwealth v. Hana, 195 Mass. 262, 81 N.E. 149 (1907).

█ In determining what the Massachusetts legislature would have wished our only source of information is the history of the successive veteran's preference laws which are codified and in unimportant respects rewritten to constitute Mass.G.L. c. 31, § 21. The first valid veteran's preference law with respect to appointments to the public service, St.1896, c. 517, did not have any residence requirement. But various forms of residence requirement appear in subsequent amendments to that statute: e. g. St.1919, c. 150, St.1924, c. 155, St. 1954, c. 627. The present form of Mass.G.L. c. 31 § 21 is in effect the original 1896 statute expanded in some respects to cover new classes of veterans but contracted in other respects to exclude veterans who do not meet certain new residence requirements. What this court has now decided is that some of the contracting amendments are unconstitutional. That amounts to no more than deleting what the legislature regarded as perfecting amendments. There is left the original 1896 statute as amended and rewritten in other respects. We see no reason to doubt that the legislature would rather have preference available for veterans who did not fulfill the relatively unimportant, and belatedly added, residential requirements than to have no preferences available to any veteran. The latter course would be a reversal of a policy three quarters of a century old.

██ It follows that plaintiffs are entitled to have this court (1) declare that Mass.G.L. c. 31 § 21(2) may not be validly applied to the named plaintiffs or others who fulfill the requirements of Mass.G.L. c. 31 § 21(1) because as so applied Mass.G.L. c. 31 § 21(2) deprives the named plaintiffs and the others just described of the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and (2) enjoin defendants from using the aforesaid Mass.G.L. c. 31 § 21(2) to deny veteran's preference to any named plaintiff or any other person who qualifies as a veteran under Mass. G.L. c. 31 § 21(1).

## ORDER

In accordance with the opinion of the court filed this day,

1. It is declared that Mass.G.L. c. 31 § 21(2) is in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution insofar as it deprives James Stevens, Troy Garron, Charley Green, Jr., Pedro Castro, and others who have applied or may apply for positions in the Massachusetts Civil Service, who satisfy the requirements of Mass.G.L. c. 31 § 21(1).

2. Mabel Campbell, in her capacity as Director of Civil Service, and Nancy Beecher, Joseph Duffy, Aaron Feinberg,

Ernest Laflamme, Jr., and Helen Mitchell, in their capacity as Commissioners on the Massachusetts Civil Service Commission, are enjoined from using Mass. G.L. c. 31 § 21(2) to deny a veteran's preference to James Stevens, Troy Garron, Charley Green, Jr., Pedro Castro, or any other person who qualifies as a veteran under Mass.G.L. c. 31 § 21(1).