John W. AUGUST, Individually and on behalf of all others similarly situated, and Thomas Readous, Plaintiffs,

v.

Harry I. BRONSTEIN, Individually and as Chairman of the Civil Service Commission of the City of New York and as Director of the Department of Personnel of the City of New York, et al., Defendants.

No. 73 Civ. 3249.

United States District Court,
S. D. New York.

Jan. 4, 1974.

Carolyn M. Heft, MFY Legal Services, Inc., New York City, for plaintiff Au-

gust; Jacques F. Rose, New York City, of counsel.

Cassin & Barry, New York City, for plaintiff Readous.

Norman Redlich, Corp. Counsel, New York City, for defendants; Joseph F. Bruno, Asst. Corp. Counsel, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, intervenor pro se; Samuel A. Hirshowitz, First Asst. Atty. Gen., Ilene J. Slater, Asst. Atty. Gen., of counsel.

Before FRIENDLY, Circuit Judge, and BONSAL and GRIESA, District Judges.

## OPINION

BONSAL, District Judge.

Plaintiff August and plaintiff-intervenor Readous[1] seek a declaratory judgment declaring that Article V, section 6 of the New York State Constitution and section 85 of the New York Civil Service Law, McKinney's Consol.Laws, c. 7, which grant a 5-point preference in competitive Civil Service examinations to non-disabled veterans who have served in time of war, are unconstitutional and violate their right to travel and their right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. The complaint requests an injunction and damages. Plaintiffs' application for a 3-Judge Court was granted by Judge Griesa, and the 3-Judge Court was duly convened and a hearing was held on November 15, 1973.

The challenged constitutional and statutory 5-point preference is granted only to individuals who were citizens of New York at the time of induction and who received an honorable discharge. While August and Readous received honorable discharges, August was a citizen of Connecticut and Readous a citizen of Michigan at the time of their inductions into the Armed Forces. Both subsequently became residents of the State of New York and applied to the Civil Service Commission of the City of New York for the position of School Custodian.

Plaintiff August was born in New York and moved to Connecticut when he was 5 years old. He enlisted in the Armed Forces of the United States in 1941 at the age of 18 while he was living in Connecticut with his parents. He served in the Armed Forces from 1941 to 1945, and was honorably discharged. He has been a resident of the State of New York for the past 6 years. In 1972, August applied for the Civil Service position of School Custodian in the City of New York, took and passed the competitive examination, and was awarded 85.5 points, on the basis of his actual score of 80.5 plus the 5-point preference. He was placed as a School Custodian in Bronx, New York where he served with a satisfactory rating until January 4, 1973, at which time he was dismissed on the ground that he had not been entitled to the 5-point preference because he was not a resident of New York when he enlisted in the Armed Forces. This dropped his classification rating from No. 36 to No. 105.5.

Plaintiff-intervenor Readous was a resident of Michigan when he was inducted into the Armed Forces on January 2, 1951 during the Korean conflict. After service in Germany, he received an honorable discharge on December 3, 1952. In 1955, he became a resident of the State of New York, where he has lived ever since. After almost 20 years of service as a custodial worker in the public schools, he took and passed the competitive Civil Service Examination for School Custodian given by the Board of Education of the City of New York, and was assigned to Public School 236 in the Bronx, from the Civil Service list. He served as Custodian from October 24, 1972 to April 13, 1973, when he was removed on the ground that his claim for a veteran's preference had been disallowed by reason of the fact that at the time of his entry into the Army he was

---

1. Readous' motion to intervene was granted by Judge Griesa by order filed November 14, 1973.

not a resident of the State of New York. His subsequent appeal to the Civil Service Commission was denied on May 14, 1973. By reason of the disallowance of the 5-point preference, his classification rating dropped from No. 35 to No. 104.5.

The New York Constitution, Article V, section 6, provides, to the extent here relevant:

"[Civil service appointments and promotions; veterans' credits] Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive; provided, however, that any member of the armed forces of the United States who served therein in time of war, who is a citizen and resident of this state and was a resident at the time of his entrance into the armed forces of the United States and was honorably discharged or released under honorable circumstances from such service, shall be entitled to receive five points additional credit in a competitive examination for original appointment and two and one-half points additional credit in an examination for promotion . . . ."

The New York Civil Service Law, section 85, provides, to the extent here relevant:

"1. Definitions. (a) The terms 'veteran' and 'non-disabled veteran' mean a member of the armed forces of the United States who served therein in time of war, who was honorably discharged or released under honorable circumstances from such service, who was a resident of this state at the time of entrance into the armed forces of the United States and who is a citizen and resident thereof at the time of application for appointment or promotion or at the time of retention, as the case may be.

\* \* \* \* \* \*

"2. Additional credits in competitive examinations for original appointment or promotion. \* \* \*

(2) Non-disabled veterans shall be entitled to receive five points additional credit in a competitive examination for original appointment and two and one-half points additional credit in a competitive examination for promotion."

The State of New York first extended a Civil Service preference in 1894 to all veterans of the Civil War (N.Y.Const., Art. V, § 9). In 1919, following World War I, the New York State Legislature adopted concurrent resolutions to amend the Constitution to provide that honorably discharged veterans who were residents of New York when they entered the Armed Forces of the United States and served in time of war were to be given preference over all other persons except Civil War veterans in appointments to and promotions in competitive Civil Service examinations. The same resolutions were passed by the Legislature in 1921, but the proposed constitutional amendment failed of approval at the general election held that year. However, by Chapter 702 of the Laws of 1921, a new section was added to the New York Civil Service Law giving substantially the same preference.

In 1929, the New York Constitution, Article V, section 6, was amended to provide a preference to all honorably discharged *disabled* veterans who were citizens and residents of New York when they entered the Armed Forces and who had served in wartime—which amendment was incorporated in section 21 of the New York Civil Service Law as amended by Chapter 374 of the Laws of 1930.

In March, 1945, just prior to the end of World War II, the preference previously accorded to disabled veterans was extended to *non-disabled* veterans by amendment to the New York Constitution, Article V, section 6, and approved at the 1945 general election, and section 21 of the New York Civil Service Law was amended accordingly.

In 1949, the New York State Constitution, Article V, section 6, was again amended at a general election to limit the preference for disabled and non-disabled veterans and to provide that, effective January 1, 1951, a non-disabled veteran received a 5-point preference in competitive examinations for original appointment to the Civil Service, while disabled veterans received a 10-point preference, and section 21 of the New York Civil Service Law was amended accordingly by Chapter 493 of the Laws of 1950.

In 1964, the present Article V, section 6 of the Constitution was approved at a general election. Section 85 of the New York Civil Service Law carries over the provisions of the former section 21 of the New York Civil Service Law as a result of the recodification in 1958.

The 5-point preference applies only to examinations for original appointment to positions in the competitive class of the Civil Service (New York Civil Service Law, § 44), excluding the other three classes—the exempt class, the non-competitive class, and the labor class. The 5-point preference may only be used once, but the veteran is entitled to a single 2½-point preference for promotion in the competitive class.

The foregoing history indicates a long-standing policy to favor veterans, going back to the 19th century, but the extent of the preference has been reduced to modest proportions. Indeed, compared to other benefits given by the State of New York and other states. to its citizens who served in time of war, such as soldiers' bonuses, the preference here in issue is modest indeed. The requirement that to receive the preference, veterans be residents of the State of New York at the time of induction into the Armed Forces, has been on the statute books at least since 1921. While little has been written on the legislative history of these preferences, it is apparent to anyone who has lived through periods of war that contrived explanations are not necessary. The preference is a token of gratitude conferred by New York upon its sons who enter their country's service in time of war, and perhaps an encouragement to return to the service of the State thereafter.

As stated by our Court of Appeals, ". . . the test for application of the Equal Protection Clause is whether the legislative classification is *in fact* substantially related to the object of the statute." (emphasis in original). Boraas v. Village of Belle Terre, 476 F.2d 806, 814 (2d Cir.), prob. juris. noted, 414 U.S. 145, 94 S. Ct. 234, 38 L.Ed.2d 145 (1973).

Clearly, the modest veterans' preference at issue here is substantially related to the purposes of the State. In Russell v. Hodges, 470 F.2d 212 (2d Cir. 1972), the modest preference conferred by section 75(1) of the New York Civil Service Law, granting veterans in time of war the right to a hearing prior to removal or other disciplinary action and which did not provide such a hearing for the plaintiffs, was challenged under the Equal Protection Clause. Judge Friendly wrote, at page 218:

"The appellants' first attack is on the preference accorded by § 75(1)(b) to honorably discharged members of the armed forces of the United States who had served therein in time of war. Appellants do not seriously urge that the Legislature would have violated the equal protection clause by conferring such a preference on all veterans. The desire to compensate in some measure for the disruption of a way of life and often of previous employment occasioned by service in the armed forces and to express gratitude for such service is a rational basis for giving veterans a larger measure of job security, both substantive and procedural—as § 14 of the Federal Veterans' Preference Act of 1944, 58 Stat. 387, 390, 5 U.S.C. §§ 7512, 7701, does."
"

We do not think that the 5-point preference involved in this case violates the Equal Protection Clause any more

than what was dealt with in Russell v. Hodges. The constitutionality of the 5-point preference was sustained by the New York courts in Gianatasio v. Kaplan, 142 Misc. 611, 255 N.Y.S. 102 (Sup.Ct.1931), aff'd mem., 257 N.Y. 531, 178 N.E. 782. The United States Supreme Court dismissed the appeal "for the want of a substantial federal question." 284 U.S. 595, 52 S.Ct. 203, 76 L. Ed. 512 (1932). Plaintiffs argue that the rationale of *Gianatasio* has been undermined by subsequent Supreme Court decisions, e. g., Graham v. Richardson, 403 U.S. 365, 374, 91 S.Ct. 1848, 29 L. Ed.2d 534 (1971), which declined to make the constitutionality of governmental benefits necessarily depend upon whether it is characterized as a "right" or as a "privilege". Nevertheless, we believe that the result reached in *Gianatasio* was correct, and is in no way contrary to current Supreme Court decisions.

Plaintiffs urge this court to follow two recent District Court decisions— Carter v. Gallagher, 337 F.Supp. 626 (D.Minn.1971), and Stevens v. Campbell, 332 F.Supp. 102 (D.Mass.1971) (3-Judge Court)—both of which struck down veterans' preferences based on residence requirements, and neither of which appear to have been reviewed by the Supreme Court.

In *Carter*, the District Court held unconstitutional the Minnesota veterans' preference statute insofar as it required 5 years' residence in a particular locality in the state prior to claiming the preference. The court held invalid the distinction, imposed by the Minnesota statute, between the veteran who had recently moved to the state, and seeks civil service employment, and the veteran who had been living in the state for five years or more, and seeks such employment. The Court held that such a "durational" residence requirement constituted an unwarranted penalty on the exercise of the constitutional right to travel.

*Carter* and other cases dealing with durational residence requirements, *e. g.*, Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) and Dunn v. Blumstein, 405 U.S. 330, 92 S. Ct. 995, 31 L.Ed.2d 274 (1972) have no application to the present case. Here, New York requires only that the veteran be a resident *at the time* of induction and a resident and citizen *at the time* he claims the preference. See Brown v. Supreme Court of Virginia, 359 F.Supp. 549, 556 (E.D.Va.1973) (3-Judge Court), aff'd mem., 414 U.S. 1034, 94 S. Ct. 534, 38 L.Ed.2d 327 (1973).

In any event, we do not believe that the limited preference granted under the challenged New York law can realistically be held to infringe or penalize the right to travel. In this connection, we note two recent summary affirmances by the Supreme Court. In Sturgis v. Washington, 414 U.S. 1057, 94 S.Ct. 563, 38 L.Ed.2d 464 (1973) the Court upheld a state statute which authorized lower state college tuition rates for students who had been bona fide domiciliaries of Washington for other than educational purposes for one year prior to registering at a public university, college, or community college in that state. In Spatt v. New York, 414 U.S. 1058, 94 S. Ct. 563, 38 L.Ed.2d 465 (1973), the Court upheld a New York statute which restricted eligibility for Regent scholarship assistance to students enrolled in an approved institution situated within New York State.

In Stevens v. Campbell, *supra*, relied on by plaintiffs here, a 3-Judge Court (Wyzanski, J.) held unconstitutional, as violating the Equal Protection Clause, a Massachusetts statute which provided for a veterans' preference in the classified civil service conditioned upon 6 months' residence in the state prior to induction in the armed services, or 5 years' residence prior to claiming the preference.

*Stevens* is distinguishable from the present case. The preference involved was substantially greater than the New York 5-point preference. Under the Massachusetts statute all preferred veterans who attained the minimum pass-

ing score on the civil service examination, were automatically ranked at the top of the civil service eligibility list, and all other applicants were ranked below them. Also, both of the means for qualifying involved *durational* residence requirements. Therefore, we do not regard *Stevens* as a direct precedent for the present case. To the extent that some of the comments in the *Stevens* opinion go beyond the facts of the case, we do not necessarily accept them.

Since we do not find that Article V, section 6 of the New York State Constitution and section 85 of the New York Civil Service Law are unconstitutional in violation of plaintiff's rights to travel and to equal protection of the laws under the Fourteenth Amendment, we do not reach the issue of damages or the defenses raised by the Corporation Counsel of the City of New York as to the liability of certain of the defendants, or whether they acted in good faith.

The defendants' motion dismissing the complaint is granted, without costs.

It is so ordered.