

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 30, 1975

The Honorable Oscar H. Mauzy
Chairman
Senate Education Committee
Senate Chambers
State Capitol Building
Austin, Texas 78711

Opinion No. H-654

Re:  Constitutionality of
article 4413(31),
V. T. C. S., providing
a durational require-
ment as a prerequisite
to obtaining a veterans
preference in state
employment.

Dear Senator Mauzy:

You have requested our opinion concerning the constitutionality of the durational residency requirement of article 4413(31), V. T. C. S., which grants a preference in public employment to veterans:

> . . . who are and have been citizens of Texas
> for not less than five (5) years preceding the
> date of application in pursuance of this Act,
>
> . . .

Under the 14th Amendment to the Federal Constitution one is a citizen of the state of his domicile, that is, the state where he resides and intends to remain indefinitely. Paudler v. Paudler, 185 F. 2d 901 (5th Cir. 1950), cert. denied 341 U. S. 920 (1951). Thus article 4413(31) would exclude from the preference those veterans who have resided in Texas for less than five years.

As a general matter, a state may grant preferences to veterans. Rios v. Dillman, 499 F. 2d 329 (5th Cir. 1974); Koelfgen v. Jackson, 355 F. Supp. 243 (D. Minn. 1972) (3-judge court) aff'd. mem. 410 U. S. 976 (1973); see, Fredrick v. United States, 507 F. 2d 1264 (U. S. Ct. Cl. 1974).

p. 2870

However, several federal district courts have determined durational residency requirements to constitute a denial of equal protection in the context of veterans' preferences and benefits. In Carter v. Gallagher, 337 F. Supp. 626 (D. Minn. 1971), the court held unconstitutional a five year residency requirement contained in Minnesota's veteran preference act. The court quoted Shapiro v. Thompson, 394 U.S. 618 (1969), in which the Supreme Court held unconstitutional a residency requirement for the receipt of welfare benefits.

'The waiting-period provision denies welfare
benefits to otherwise eligible applicants solely
because they have recently moved into the
jurisdiction. But in moving from State to State
or to the District of Columbia appellees were
exercising a constitutional right, and any
classification which serves to penalize the
exercise of that right, unless shown to be
necessary to promote a COMPELLING govern-
mental interest, is unconstitutional.' 394 U.S.
at 634, 89 S. Ct. at 1331. (Emphasis in original).

Accord: Cole v. Housing Authority of City of
Newport, 435 F. 2d 807, 809 (1st Cir. 1970);
King v. New Rochelle Municipal Housing
Authority, 442 F. 2d 646 (2d Cir. 1971). 337
F. Supp. at 629.

Noting that there had been some confusion in the lower courts concerning which fundamental right was relied in Shapiro, the district court stated:

. . . Regardless of what interpretations of Shapiro
formerly obtained, the matter has apparently been
settled by the Supreme Court speaking through
Mr. Justice Blackmun in Graham v. Richardson,
403 U.S. 365, 91 S. Ct. 1848, 29 L. Ed. 2d 534:

> 'It is enough to say that the <u>classifi-
> cation involved in Shapiro was sub-
> jected to strict scrutiny</u> under the
> compelling state interest test, not
> because it was based on any suspect
> criterion such as race, nationality,
> or alienage, but <u>because it impinged
> upon the fundamental right of inter-
> state movement.</u> . . . ' 403 U.S. at
> 375 (Emphasis supplied by district
> court) . . . 337 F. Supp. at 632.

Thus, the court in <u>Gallagher</u> concluded that:

> . . . There is no question that the fundamental
> right to interstate travel is involved in the instant
> case. It is no more open to question, in the opinion
> of this Court, that a statute which requires a person
> who has recently traveled interstate to wait five
> years to obtain employment preference granted
> immediately to an otherwise equally qualified
> person who did not so travel imposes a penalty
> operative solely upon the exercise of that right.
> Under such circumstances the defendants must
> demonstrate that there is some compelling State
> interest which justifies the distinction. Oregon v.
> Mitchell, 400 U.S. at 238, 91 S.Ct. 260, 337
> F. Supp. at 632.

The court found no such compelling state interest and therefore held the
five year residency requirement unconstitutional as violating the equal
protection clause of the 14th Amendment by discriminating against a class
of persons exercising the fundamental right of interstate travel.

In <u>Stevens v. Campbell,</u> 332 F. Supp. 102 (D. Mass. 1971) (3-judge court),
the court addressed a five year residency requirement in the Massachusetts
veterans preference act and held it unconstitutional as a denial of equal pro-
tection, for the requirement:

> . . . imposes upon admission to the class
> of persons who are entitled to preference
> in public employment a limitation which
> has no relevance to any legitimate govern-
> mental purpose. 332 F.Supp. at 106.

Thus the court concluded that the residency requirement failed to satisfy even the more lenient rational basis test.

In Barnes v. Board of Trustees, Michigan Veterans Trust Fund, 369 F.Supp. 1327 (W.D. Mich. 1973) (3-judge court), the court held unconstitutional a five year residency requirement for eligibility for benefits from a Veterans Trust Fund. The court relied on Shapiro, Graham, and Gallagher, and held:

> . . . Having found that this durational residency
> requirement penalizes the exercise of the fun-
> damental right to travel, this court must deter-
> mine whether the requirement is necessary to
> promote a compelling state interest. 369 F.Supp.
> at 1335.

> . . . this durational residency requirement is held
> to be unconstitutional because it is not necessary
> to promote a compelling state interest. 369 F.
> Supp. at 1337.

While the Supreme Court has not addressed the constitutionality of a residency requirement in a veterans preference or benefit statute, the seven federal district judges who have considered the question have unanimously determined that the decision of the Supreme Court in the Shapiro case requires such a residency provision to be held unconstitutional. On the authority of these cases it is our opinion that the durational residency requirement of article 4413(31) probably would be held to be unconstitutional under the equal protection clause of the 14th Amentment. However, this opinion should not be construed as indicating that any residency requirement for veterans preference would be unconstitutional. See, August v. Bronstein, 369 F.Supp. 190 (S.D. N.Y. 1974)(3-judge court).

The courts in Gallagher, Stevens, and Barnes merely deleted the invalid residency requirement; the remaining provisions remained operative. Article 11a, V.T.C.S., provides:

> Sec. 1. Except to the extent otherwise specifically provided in a statute enacted previously or in the future, if any provision of a statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute which can be given effect without the invalid provision or application, and to this end the provisions of each statute are declared to be severable.

> Sec. 2. Nothing in this act affects the power or the duty of a court in an appropriate case to ascertain and effectuate the intent of the legislature with regard to the severability of a statute.

Since article 4413(31) contains no specific provision regarding severability, and since we believe the principal intent of that article is to grant veterans preference in governmental employment, in our opinion all provisions of article 4413(31) other than the durational residency provision remain operative. Accordingly, article 4413(31) gives a preference to all otherwise qualified veterans who are citizens of Texas.

### SUMMARY

The five year durational residency requirement of the Veterans Preference Act, article 4413(31), V.T.C.S., would probably be held to be unconstitutional. The remaining provisions are operative. Thus, veterans who otherwise qualify under the Act are entitled to a preference if they are citizens of Texas at the time of application.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 2874

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee