**FORT KNOX MUSIC, INC., and Trio Music Company, Inc., Plaintiffs,**

v.

**Philip BAPTISTE, Defendant.**

**No. 97 CIV. 5560(JES).**

United States District Court, S.D. New York.

April 27, 1999.

Abelman, Frayne & Schwab, Attorneys for Fort Knox Music, Inc., New York, Robert C. Osterberg, Anthony T. Difilippi, Of Counsel.

Silverman Shulman & Baker, P.C., Attorneys for Trio Music Company, Inc., New York, Alan L. Shulman, Jonathan Ross, Of Counsel.

Philip Baptiste, Jennings, LA, for Defendant Pro Se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiffs Fort Knox Music, Inc., and Trio Music Company, Inc., bring the instant action for declaratory judgment under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* ("Copyright Act"), against defendant Philippe Baptiste ("Baptiste"), seeking a declaration that Baptiste is time-barred from commencing any action against plaintiffs challenging plaintiffs' rights and copyright in the musical composition "Sea of Love." Plaintiffs further seek a declaration that Baptiste is guilty of laches and thus equitably estopped from commencing any such action, an injunction barring Baptiste from exercising or claiming any rights in and to the copyright in "Sea of Love," and an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505. Plaintiffs having brought a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and Baptiste having filed a *pro se* response to plaintiffs' motion, and the Court having heard Oral Argument, the Court grants plaintiffs' motion for judgment on the pleadings. The Court further awards plaintiffs costs but denies plaintiffs' application for an award of attorneys' fees.

## BACKGROUND

This action arises from a dispute regarding the authorship of the musical composition "Sea of Love." By a written agreement dated February 3, 1959, Baptiste and George Khoury ("Khoury") warranted to Kamar Publishing Company ("Kamar"), the predecessor in interest of plaintiffs, that they were co-authors of "Sea of Love" and assigned and transferred to Kamar all of their interests in the original and renewal terms of copyright in "Sea of Love." *See* Complaint ¶ 11. Thereafter, Kamar registered claims to copyright in "Sea of

Love," and the Copyright Office issued registration certificates therefor to Kamar bearing registration numbers Eu 589485, dated August 12, 1959, and Ep 137454, dated September 29, 1959. *See id.* The registration certificates identify Baptiste and Khoury as authors. *See id.* These copyrights have subsequently been renewed, and from 1959 to present plaintiffs and their predecessors-in-interest have actively engaged in exploiting and licensing use of "Sea of Love." *See id.* ¶¶ 7, 9. Baptiste and Khoury have consistently received credit as coauthors of "Sea of Love" in connection with its exploitation and licensing, and Baptiste and Khoury have received regular royalty payments from plaintiffs and their predecessors-in-interest. *See id.* ¶ 9.

As early as 1959, Baptiste protested to plaintiffs' predecessors-in-interest that Khoury had been improperly identified as the co-author of "Sea of Love." *See* Answer ¶¶ 10–11. Plaintiffs and their predecessors-in-interest, however, continued to credit Khoury as co-author, and Baptiste continued to object over the next four decades. *See* Complaint ¶ 9; Answer ¶ 10 and unnumbered exhibits attached thereto. When, in 1997, Baptiste threatened to sue plaintiffs for copyright infringement, plaintiffs filed the instant action for declaratory judgment and injunctive relief. *See* Complaint ¶ 17.

### DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure directs that judgment on the pleadings "is appropriate where the material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters,* 842 F.2d 639, 642 (2d Cir.1988). Here, the facts admitted by Baptiste in his Answer demonstrate conclusively that the statute of limitations bars any challenge by Baptiste to plaintiffs' copyright rights based upon his claim of sole authorship.

Section 507 of the Copyright Act, 17 U.S.C. § 507, provides a three-year statute of limitations for any civil action brought under the provisions of the Act. A claim accrues, and the statute of limitations thus begins to run, when a plaintiff "knows or has reason to know of the injury upon which the claim is premised." *Merchant v. Levy,* 92 F.3d 51, 56 (2d Cir.1996). In the instant action, it is clear that Baptiste knew of his claimed injury more than three years prior to the commencement of this action by plaintiffs in 1997. In paragraph 11 of Baptiste's Answer, he pleads that

> defendant has informed Fort Knox of the alleged fraudulent contract since 1959, when defendant realized that George Khoury was given credit as a co-author. Defendant admits Fort Knox has accounted to him ("Baptiste") but at only half of the writer's royalties defendant should be receiving. Defendant contends that Plaintiffs are illegally remitting royalties to George Khoury based upon an alleged fraudulent and forged contracts.

Answer ¶ 11. Baptiste further details in his Answer his persistent objections that Khoury should not be credited as co-author and attaches copies of his extensive correspondence with plaintiffs. One letter from Baptiste to Fort Knox, dated January 7, 1985, states:

> I wrote and composed the words and music of "Sea of Love" alone in 1957, but someone else has been and is still sharing fifty percent (50%) of my song as a co-writer for twenty-five (25) years, since 1959.
>
> \*      \*      \*      \*      \*      \*
>
> Please *stop all royalties payments* to the other party and make full payments to me only because I am the true and only writer and owner of "Sea of Love."

> Also please make known on all records that my name be shown as full owner of "Sea of Love."

Enclosed please find a copy of my copyright showing that I am the only true and rightful owner.

Answer, unnumbered exhibit. Thus, it is clear that Baptiste knew more than three years prior to the commencement of this action that plaintiffs and their predecessors-in-interest were crediting Khoury as co-author of "Sea of Love" notwithstanding Baptiste's claim to be sole author. Any action by Baptiste challenging plaintiffs' copyright rights in "Sea of Love" on the basis of his claimed sole authorship of the composition ,is thus necessarily time-barred.[1]

■ Plaintiffs also seek to recover their costs and attorneys' fees in bringing the instant action. Section 505 of the Copyright Act provides that a court may in its discretion award costs and attorneys' fees to any prevailing party in a civil action brought under the Copyright Act. *See* 17 U.S.C. § 505. Although the text of the statute does not indicate what factors should guide the Court's discretion, the Supreme Court has clearly directed that fees should not be awarded to the prevailing party merely as a matter of course. *See Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). To determine whether the circumstances of a particular case warrant an award of fees, the Supreme Court has suggested several nonexclusive factors, including " 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation

and deterrence.' " *Id.* at n. 19, 114 S.Ct. 1023 (quoting *Lieb v. Topstone Inds., Inc.,* 788 F.2d 151, 156 (3d Cir.1986)).

■ It is clear that Baptiste's continued attempts to challenge the copyright rights of plaintiffs more than forty years after he first asserted his claim of sole authorship are patently frivolous. Had Baptiste been represented by counsel in this action, the Court would have considered Baptiste's defense in this litigation unequivocal evidence of bad faith and maliciousness warranting an award of fees as a deterrent to future misconduct by Baptiste. However, Baptiste has proceeded *pro se* in this litigation. Baptiste's pleadings and submissions in this action, as well as his argument before the Court, reveal that Baptiste simply does not understand that the statute of limitations bars the Court from entertaining the merits of his claim. Given this conclusion, the Court is reluctant to credit Baptiste with any misconduct in this litigation. Indeed, Baptiste has aided the efficient resolution of this action by his forthright admission of his four-decade letter writing campaign challenging the copyrights. Although plaintiffs emphasize defendant's refusal to settle this action, defendant's recalcitrance has not significantly prejudiced plaintiffs, for they have obtained substantially all the relief prayed for in their complaint without any discovery and only limited motion practice. Thus, in light of both defendant's *pro se* status and the limited burden upon plaintiffs in prosecuting this action, the Court declines to award attorneys' fees and awards plaintiffs only their

---

1. Plaintiffs also argue that defendant is barred from challenging plaintiffs' copyright rights in "Sea of Love" by the doctrine of laches. The doctrine of laches bars a claimant whose inexcusable delay in commencing a suit prejudices the adverse party. *See Conopco v. Campbell Soup Co.,* 95 F.3d 187 (2d Cir.1996). Mere delay, however is not by itself sufficient to bar a claim. *See Saratoga Vichy Spring Co., Inc. v. Lehman,* 625 F.2d 1037, 1040 (2d Cir.1980). Rather, application of the doctrine of laches "necessarily requires that the resolution be based on the circumstances peculiar to each case." *Tri-Star Pictures, Inc. v. Leisure Time Prods.,* 17 F.3d 38, 44 (2d Cir.1994). Although the pleadings clearly establish that Baptiste has delayed commencing suit for almost forty years, the factual allegations in the pleadings do not afford the Court sufficient basis for weighing the reasons for Baptiste's delay against the prejudice to plaintiffs caused by this delay. Thus, the Court declines to find that Baptiste's challenge to plaintiffs' copyright rights is barred by laches.

costs as determined by the Clerk of Court pursuant to Local Civil Rule 54.1

## CONCLUSION

For the foregoing reasons, the Court grants plaintiffs' motion for judgment on the pleadings and hereby declares and adjudges that Baptiste is barred by 17 U.S.C. § 507 from asserting under the Copyright Act any right arising from his claim of sole authorship of the musical composition "Sea of Love." The Court hereby enjoins Baptiste, his agents, heirs, representatives, successors and assigns, and all person in concert or participation with them, from commencing any action challenging under the Copyright Act the rights of plaintiffs or their successors, assignees, or licensees, in and to the musical composition "Sea of Love" upon the ground that Baptiste is the sole author of that composition for the duration of its U.S. renewal term of copyright under 17 U.S.C. § 304. The Court grants plaintiffs' application for an award of costs pursuant to 17 U.S.C. § 505 but denies plaintiffs' application for attorneys' fees. The Clerk of Court is directed to enter Judgment accordingly and to close the above-captioned action.

It is **SO ORDERED**.