FORT KNOX MUSIC INC. and Trio Music Company Inc., Plaintiffs–Appellees–Cross–Appellants,

v.

Philip BAPTISTE, Defendant–Appellant–Cross–Appellee.

Nos. 99–7590(L), 99–7679(XAP).

United States Court of Appeals, Second Circuit.

Submitted May 25, 2001.

Decided July 12, 2001.

Abelman, Frayne & Schwab, (Robert C. Osterberg, New York, NY, of counsel), for Plaintiff–Appellee–Cross–Appellant Fort Knox Music Inc.

Silverman Shulman & Baker, (Alan L. Shulman, Jonathan J. Ross, New York, NY, of counsel), for Plaintiff–Appellee–Cross–Appellant Trio Music Co.

Philip Baptiste, Jennings, Louisiana, Defendant–Appellant–Cross–Appellee pro se.

Before KEARSE, PARKER, and POOLER, Circuit Judges.

KEARSE, Circuit Judge:

This case, which initially was before us on an appeal and cross-appeal from a judgment entered against defendant *pro se* Philip Baptiste in the United States District Court for the Southern District of New York, John E. Sprizzo, *Judge, see Fort Knox Music, Inc. v. Baptiste,* 47 F.Supp.2d 481 (S.D.N.Y.1999) (*"Fort Knox I"*), and which was remanded by this Court to the district court for supplementation of the record with findings as to the basis for its rejection of Baptiste's challenge to personal jurisdiction, *see Fort Knox Music, Inc. v. Baptiste,* 203 F.3d 193 (2d Cir.2000) (*"Fort Knox II"*), now returns to us in an entirely different posture. On remand, following additional briefing, the district court concluded that personal jurisdiction over Baptiste in New York was lacking; it vacated the original judgment and ordered venue transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). *See Fort Knox Music, Inc. v. Baptiste,* 139 F.Supp.2d 505 (S.D.N.Y. 2001) (*"Fort Knox III"*). For the reasons that follow, we now dismiss the appeal and the cross-appeal for lack of appellate jurisdiction.

The factual background of the litigation is set out in *Fort Knox I, II,* and *III,* familiarity with which is assumed. In brief, plaintiffs Fort Knox Music Inc. ("Fort Knox"), a New York corporation headquartered in New York, and Trio Music Company Inc. ("Trio Music"), a California corporation headquartered in California, are successors in interest to Kamar Publishing Company ("Kamar") with respect to the publishing rights in "Sea of Love," a song as to which Baptiste claims sole authorship. Baptiste is a Louisiana resident who signed a song publishing agreement with Kamar, which was then located in Louisiana, and he contests the designation of one George Khoury, also a Louisiana resident, as coauthor of the song. Plaintiffs allege that Baptiste engaged in a letter-writing campaign to their offices maintaining that Khoury was not a coauthor and challenging plaintiffs' rights to the song, and they commenced the present action seeking declaratory and injunctive relief prohibiting Baptiste from claiming that he is the sole author of, or challenging their publication rights in, "Sea of Love."

In *Fort Knox I,* the district court granted plaintiffs the requested declaratory and injunctive relief, though it denied them an award of attorneys' fees. Baptiste appealed from the judgment against him, challenging it on the merits and contending, as he had in the district court, that personal jurisdiction over him was lacking; plain-

tiffs cross-appealed from the denial of attorneys' fees. In *Fort Knox II*, we noted that the district court had "neither stated that it had personal jurisdiction over Baptiste nor stated on what basis it might find that such jurisdiction existed." 203 F.3d at 196. Accordingly, we remanded "for supplementation of the record with a statement of the factual and doctrinal grounds for the court's ruling on personal jurisdiction." *Id.* at 197. We stated that, following the district court's decision on remand, "jurisdiction of the appeal and the cross-appeal will be automatically restored to this Court without need for either party to file a new notice of appeal." *Id.*

On remand, the district court asked the parties for additional briefing as to whether personal jurisdiction was properly asserted over Baptiste pursuant to various sections of New York's long-arm jurisdiction statute, and as to whether this action should properly be transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). Following receipt of the parties' submissions, the district court concluded that plaintiffs had failed to show that Baptiste had sufficient contacts with New York to permit invocation of the New York long-arm statute, finding, *inter alia,* that Baptiste was not alleged ever to have been present in New York, or to have had property or offices in New York, or to have had a New York-based agent, or to have committed a tort with consequences in New York; and it found that Baptiste's stream of letters to Fort Knox did not constitute the transaction of business within New York. *See Fort Knox III,* 139 F.Supp.2d at 509–11. Accordingly, the court concluded that personal jurisdiction was not properly asserted over Baptiste in New York.

The court went on to conclude that "transfer of this action pursuant to 28 U.S.C. § 1404(a) to the Western District of

Louisiana would most appropriately serve the interests of justice." *Fort Knox III,* 139 F.Supp.2d at 512. Accordingly, the court vacated its original judgment in favor of plaintiffs and ordered venue of the action transferred to the Western District of Louisiana.

Following that decision, in accordance with *Fort Knox II,* jurisdiction was automatically restored to this Court with respect to the original appeal and cross-appeal, and the parties filed supplemental letter briefs. Plaintiffs, in their supplemental brief, "solely address[ ] the jurisdictional issue raised by ... Baptiste" (Plaintiffs' supplemental brief on appeal at 1), and ask us to "affirm the district court's original finding of personal jurisdiction over Baptiste" (*id.* at 10). Given the new posture of the case, however, several well-established principles compel us to dismiss both the appeal and the cross-appeal.

A. *The Challenges to the Original Judgment Are Moot*

The judgment originally challenged in these appeals has been vacated. A vacated judgment has no effect. *See generally Stone v.. Williams,* 970 F.2d 1043, 1054 (2d Cir.1992); *Moore's Federal Practice* ¶ 0.416[2], at 517 (2d ed.1992). Baptiste is thus no longer subject to a declaration and injunction with respect to his assertion of the rights in question; he is no longer aggrieved by that judgment, *see generally Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 335, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (only a party aggrieved by an order may appeal); hence his appeal is moot. Further, because the original judgment is no longer extant, plaintiffs' cross-appeal seeking attorneys' fees on the basis of that judgment is similarly moot.

We note parenthetically that there can be no question that the district

court had the power to vacate its original judgment following the remand in *Fort Knox II*. Rule 60(b) of the Federal Rules of Civil Procedure allows the district court to grant relief from a judgment for "any ... reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). While normally such relief is sought by motion of a party, *see* Fed. R.Civ.P. 60(b), nothing forbids the court to grant such relief *sua sponte*. *See generally International Controls Corp. v. Vesco*, 556 F.2d 665, 668 n. 2 (2d Cir.1977) (district court has "power to decide *sua sponte* whether its judgment should be vacated, provided all parties ha[ve] notice"). Although a district court would not have jurisdiction to grant such relief if an appeal from the judgment were pending and the court of appeals were not to remand for consideration of such relief, *see generally Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir.1962) (no jurisdiction in district court after notice of appeal filed); *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992) (per curiam) (where district court has indicated its wish to grant Rule 60(b) relief after a notice of appeal has been filed, the court of appeals may take action permitting it to do so), in the present case, we had relinquished our own jurisdiction and returned jurisdiction to the district court. And although the law-of-the-case doctrine would have prevented the district court from revisiting the personal jurisdiction issue if this Court had decided that issue on appeal, *see, e.g., In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895); *Carroll v. Blinken*, 42 F.3d 122, 126 (2d Cir.1994); *Soto–Lopez v. New York City Civil Service Commission*, 840 F.2d 162, 167 (2d Cir.1988); *United States v. Fernandez*, 506 F.2d 1200, 1202 (2d Cir.1974), we did not decide the personal jurisdiction question because the absence of findings by the district court on that issue prevent-

ed meaningful appellate review. Instead, *Fort Knox II* returned jurisdiction of the case to the district court for findings on that question. Nothing in our remand required the district court to adhere to a decision that, after additional briefing and further consideration, that court concluded was erroneous.

Upon remand, the district court asked the parties to brief the various aspects of New York long-arm jurisdiction and to brief as well the question of venue. This was ample notice that the court's original assumption that it had personal jurisdiction over Baptiste would be revisited and that venue might be transferred.

■ In sum, we see no procedural error in the court's vacatur of the original judgment; and given that vacatur, the original appeal and cross-appeal challenging that judgment are moot. We have no jurisdiction to hear a moot appeal, *see generally Altman v. Bedford Central School District*, 245 F.3d 49, 69 (2d Cir.), *petition for cert. filed*, 70 U.S.L.W. 3038 (U.S. June 25, 2001) (No. 00–1932), or to grant plaintiffs' request for affirmance of the district court's vacated finding of personal jurisdiction.

### B. *The Venue Order Is Not Appealable*

■ If, after vacating the original judgment, the district court had entered a new final judgment, *e.g.*, one dismissing the action, it is possible that we would have allowed the parties, within the present appeals, to challenge the new judgment. However, the court did not enter a final judgment or any other immediately reviewable order.

■ The court ordered that venue of the present action be transferred to the Western District of Louisiana pursuant to § 1404(a), which allows the district court "[f]or the convenience of parties and wit-

nesses, in the interest of justice," to transfer a civil action to any other district in which it might have been brought, 28 U.S.C. § 1404(a). The district court has this power to transfer venue even if it lacks personal jurisdiction over the defendants. *See, e.g., Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (discussing predecessor of § 1404(a)); *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978) (same).

■ An order transferring venue pursuant to § 1404(a) is not a final judgment; rather it is an interlocutory order that is not immediately reviewable by appeal. *See, e.g., SongByrd, Inc. v. Estate of Albert B. Grossman,* 206 F.3d 172, 176 (2d Cir.), *cert. denied,* 531 U.S. 824, 121 S.Ct. 68, 148 L.Ed.2d 33 (2000); *D'Ippolito v. American Oil Co.,* 401 F.2d 764, 764–65 (2d Cir.1968); 17 Moore's Federal Practice § 111.60[1] (3d ed.1999). Further, although "[o]ur Court has acknowledged the availability of review of a transfer order in the transferor circuit by petition for mandamus," mandamus is an extraordinary remedy, and we have "been markedly reluctant to grant the writ." *SongByrd, Inc. v. Estate of Albert B. Grossman,* 206 F.3d at 176 n. 5. Accordingly, this Court lacks jurisdiction to review the order of the district court entered in *Fort Knox III,* transferring venue of the case.

In sum, the only previously appealable judgment having been vacated, the challenges to that judgment are moot. The current order of the district court is unreviewable. The appeal and cross-appeal are therefore dismissed for lack of appellate jurisdiction.

Costs to plaintiff.