**M.D., Mr. & Mrs. D., Plaintiffs–Appellants,**

v.

**SOUTHINGTON BOARD OF EDUCATION, Defendant–Appellee.**

**No. 00–9412.**

United States Court of Appeals, Second Circuit.

Aug. 6, 2001.

Winona W. Zimberlin, Hartford, CT, for appellants.

Nicole A. Bernabo; Mark J. Sommaruga, of counsel, Sullivan, Schoen, Campane & Connon, LLC, Hartford, CT, for appellee.

Present WALKER, Chief Judge, FEINBERG and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the cause is RE-MANDED for supplementation of the record.

Plaintiffs-appellants M.D., Mr. & Mrs. D. (collectively, "D family") appeal from a judgment of the District Court granting the motion to dismiss of defendant-appellee Southington Board of Education ("Board of Education"), and dismissing the D family's complaint. *See Mr. & Mrs. D. v. Southington Bd. of Educ.,* 119 F.Supp.2d 105, 107 (D.Conn.2000). For the reasons stated below, we remand the cause for supplementation of the record; following the prescribed actions by the District Court, *see post,* jurisdiction will be restored to this panel. *See generally United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994) (noting that remands for supplementation of the record are permissible).

The D family initiated this action in the District Court on March 12, 1999 to, *inter alia,* obtain reimbursement from the Board of Education for tuition paid for three and one-half years during which plaintiff-appellant M.D., a special education student, was placed by the D family in a Cheshire, Connecticut school on a tuition basis. The D family claimed that they were entitled to tuition reimbursement under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 795 *et seq.,* and § 10–76a *et seq.* of the Connecticut General Statutes.

The cause was referred to Magistrate Judge Thomas P. Smith, and the Board of Education subsequently moved to dismiss the D family's complaint pursuant to FED. R.CIV.P. 12(b)(1) and 12(b)(6) ("the Rule 12 motion"). Magistrate Judge Smith then filed a Report and Recommendation ("Re-port") that recommended to the District Court that the motion be granted and the complaint dismissed because, *inter alia,* the D family's IDEA and Rehabilitation Act claims were time-barred, the relevant limitations period having expired. *See Mr. & Mrs. D.,* 119 F.Supp.2d at 109–116. The Report's recommendation was based in part on materials other than the complaint. *See id.* at 108 ("Ordinarily, the subject matter of the court's review in deciding a motion to dismiss under Rule 12(b)(6) is confined to the complaint itself, but the court may expand the scope of its review in the appropriate circumstances.... [I]n consideration of the instant motion, the court will take judicial notice of [certain administrative materials].") (internal citations omitted).

Over objection, the District Court adopted the Report. Accordingly, the District Court granted the Rule 12 motion, dismissed the complaint, and entered judgment against the D family. This timely appeal followed.

On appeal, the Board argues, *inter alia,* that the District Court correctly held that the D family's IDEA and Rehabilitation Act claims are time-barred. However, we are unable intelligently to evaluate this argument at this point because of substantial gaps in the record.

For example, the record shows that in October 1998 a Hearing Officer concluded that the D family had received notice that an assertedly governing two-year limitations period was running against them. The basis of this factual finding was the Hearing Officer's conclusion that the D family had been provided with certain "procedural safeguards." However, there is no indication in the record as to the *content* of those safeguards, and the Hearing Officer appears not to have permitted questioning as to what Mrs. D. may have known about the two year period of limitations.

In light of potentially material gaps such as this one, we remand the cause for supplementation of the record. On remand, the District Court is directed to permit the parties to supplement the record with all *admissible* evidence that is relevant to the following three questions. First, when, how, and under what circumstances did the D family first receive actual notice that a two-year period of limitation—or any period of limitation—was running against them? Second, if the D family did not first receive such actual notice from the Board of Education, (a) who (if anyone) did they receive it from, and (b) when, how, and under what circumstances did they first receive it (if at all)? Third, did the D family "sleep on their rights" so that the doctrine of laches may have some bearing on this case?

In light of the Magistrate Judge's decision to consider certain materials other than the complaint, *see ante,* the District Court on remand shall determine (a) what evidence may be properly considered on remand, and (b) whether it is appropriate or permissible for the District Court to convert the Rule 12 motion to a FED. R.CIV.P. 56 motion for summary judgment ("Rule 56 motion"), *see generally* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1990) (discussing conversion of Rule 12(b)(6) motions to Rule 56 motions), and to proceed accordingly—perhaps by granting relief from its judgment as to the Rule 12 motion and ruling on a fully—submitted Rule 56 motion, *see generally Fort Knox Music, Inc. v. Baptiste,* 257 F.3d 108, 110 (2d Cir.2001) ("Rule 60(b) of the Federal Rules of Civil Procedure allows the district court to grant relief from a judgment for any … reason justifying relief from the operation of the judgment. While normally such relief is sought by motion of a party, nothing forbids the court to grant such relief *sua sponte.*") (internal citations and quotation marks omitted); *Jacobson,* 15 F.3d at 22 (noting that when a cause is remanded to a district court for supplementation of the record, and the mandate returned to it, the district court may enter a new judgment). We leave a determination of these questions to the District Court, and intimate no views on their resolution.

If the Rule 12 motion is converted into a Rule 56 motion, jurisdiction will be restored to this panel, without the need to file a new notice of appeal, when one of the parties informs the Clerk of this Court that the District Court has entered either a final judgment or an ordinarily appealable order.

If the Rule 12 motion is not converted into a Rule 56 motion, jurisdiction will be restored to this panel, without the need to file a new notice of appeal, (1) on October 1, 2001, or (2) when the parties inform the Clerk of this Court, by joint letter filed before October 1, 2001, that the record has been supplemented with reference to the three questions enumerated above.

For the reasons stated above, the cause is **REMANDED** to the District Court for supplementation of the record. We direct the District Court to permit and conduct such further proceedings as are appropriate in the circumstances.

Jurisdiction shall be restored to this panel, without the need to file a new notice of appeal, when the relevant conditions enumerated above are satisfied. When our jurisdiction is restored, the Clerk of Court shall set an expedited briefing schedule, and the matter will then be heard by this panel on letter briefs no longer than twenty (20) double-spaced pages.

The mandate shall issue forthwith.