**EMPLOYERS INSURANCE OF WAU-SAU, National Casualty Company, Plaintiffs–Appellants,**

v.

**FOX ENTERTAINMENT GROUP, INC., Twentieth Century Fox Film Corporation, Twentieth Century Fox International Television, New World**

Entertainment, Ltd., New World Television Productions, Inc., News Corporation, Hiscox, Inc., Defendants–Appellees.

No. 08–4947–cv.

United States Court of Appeals, Second Circuit.

Sept. 21, 2009. ·

David B. Smallman, Smallman & Hans LLP, New York, N.Y., for Plaintiffs–Appellants.

Randy Parr (Andrew N. Bourne, Kirk A. Pasich, Cassandra S. Franklin, Paul Spackman, of counsel), Dickstein Shapiro LLP, New York, N.Y., for Defendants–Appellees.

Present: CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges, PAUL G. GARDEPHE, District Judge.*

### SUMMARY ORDER

Plaintiffs–Appellants Employers Insurance of Wausau and National Casualty Company appeal from a September 29, 2008, 2008 WL 4443899, order of the United States District Court for the Southern District of New York (Scheindlin, *J.*) granting the defendants' motion to transfer the action pursuant to 28 U.S.C. § 1404(a) to the Central District of California. We assume the parties' familiarity with the underlying facts and procedural history of the case.

An order of venue transfer pursuant to 28 U.S.C. § 1404(a) is a nonreviewable interlocutory order. *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). We therefore do not have jurisdiction over this appeal. To the extent that Appellants' argue that. the district court denied their purported motion for injunctive relief on July 22, 2008 and such denial of relief is appealable under 28 U.S.C. § 1292(a)(1), the record clearly shows that Appellants never made such a motion, nor were denied the opportunity to do so. Appellants' argument that the September 29, 2008 transfer order had the "practical ef-

* The Honorable Paul G. Gardephe, Southern District of New York, sitting by designation.

fect" of denying them injunctive relief is also to no avail. Finally, Appellants' arguments in favor of jurisdiction by way of the extraordinary remedy of mandamus are without merit.

Accordingly, this appeal is hereby **DISMISSED,** and insofar as it might be construed as a petition for a writ of mandamus, **DENIED.**