09-2551-cv
Abrahams v. Inc. Village of Hempstead

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of   August, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges*.

———————————————————————————

Michael Abrahams,

> *Plaintiff-Appellee*,

> v.                                                                                    09-2551-cv

Incorporated Village of Hempstead, *et al*.,

> *Defendants-Appellants*.

———————————————————————————

FOR APPELLANTS:          Howard M. Miller, Bond, Schoeneck & King, PLLC, Garden City, NY.

FOR APPELLEE:            Michael Abrahams, *pro se*, Hempstead, NY.


Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellants, the Incorporated Village of Hempstead and various employees thereof, appeal the district court's June 2009 order denying their motion to dismiss Michael Abrahams's complaint on the basis of qualified immunity. Although we assume the parties' familiarity with the case, we pause to note the unusual posture in which this case arises. Approximately one year after defendants' motion to dismiss was denied in part, and while this appeal was pending, Judge Feuerstein dismissed the complaint for failure to prosecute. The dismissal of the complaint while the appeal was pending was error. A notice of appeal divests a district court of jurisdiction. *See Doe v. Gonzales*, 449 F.3d 415, 420 (2d Cir. 2006); *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001). Accordingly, defendants' appeal is not moot, and we proceed to discuss its merits.

Because 28 U.S.C. § 1291 gives appellate courts jurisdiction to hear appeals only from "final decisions," interlocutory appeals are the exception, not the norm. Under the collateral order doctrine, an order denying a party's assertion of qualified immunity is immediately appealable insofar as the denial of immunity turns on a question of law. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1946 (2009) ("Provided it turns on an issue of law, ... a district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding . . .. . . is a 'final decision' within the meaning of [28 U.S.C.] § 1291.") (internal quotation marks omitted). The defendants may not rely on the collateral order doctrine, however, if they dispute the facts as alleged by the plaintiff on appeal (or, in the summary judgment context, as determined by the district court to be sufficiently well-supported to create issues for trial). *See Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996); *see generally Johnson v. Jones*, 515 U.S. 304, 319-20 (1995); *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985).

Here, the district court denied defendants' motion because it determined that it was premature at that stage of the litigation to decide whether it was objectively reasonable for defendants to believe that their alleged actions did not violate plaintiff's rights. The district court concluded that defendants' claim of immunity was predicated on the assertion that, as a factual matter, plaintiff could not establish the necessary elements to prevail on his stigma-plus due process claim. Far from showing that this conclusion was error, defendants continue to argue the facts on appeal, disputing the nature and circumstances of the stigmatizing statements that plaintiff attributes to them. Accordingly, we lack jurisdiction to consider defendants' interlocutory appeal. *See Britt v. Garcia*, 457 F.3d 264, 270 (2d Cir. 2006) ("[A] federal court of appeals lacks jurisdiction to decide an interlocutory appeal from a district court's denial of a claim of qualified immunity to the extent that the denial involves only a question of evidence sufficiency." (quoting *Johnson*, 515 U.S. at 313) (internal quotation marks omitted)); *see also Viilo v. Eyre*, 547 F.3d 707, 712 (7th Cir. 2008) ("In denying rather than embracing the facts the district court held to be sufficiently well-supported to create jury issues, the defendants have pleaded themselves out of court.").

2

For the foregoing reasons, we **DISMISS** this appeal for lack of jurisdiction and **REMAND** for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk