**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7839**

DEANDRE DUNSTON,

        Plaintiff - Appellant,

    v.

UNKNOWN,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:20-cv-00727-HEH-EWH)

Submitted: March 18, 2021                     Decided: March 23, 2021

Before WILKINSON and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

DeAndre Dunston, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeAndre Dunston, a Virginia inmate, appeals from the district court's November 24, 2020 memorandum opinion and order dismissing his complaint without prejudice. The district court based the dismissal on Dunston's failure to comply with the district court's earlier order to either pay the filing fee or submit an in forma pauperis affidavit and a collection of fees form. On December 14, 2020—after Dunston filed his notice of appeal—the district court entered an order purporting to sua sponte reconsider and vacate the November 24 memorandum opinion and order. The district court concluded that Dunston's complaint should not have been dismissed because he paid the full filing fee. The district court thus directed the district court clerk to reopen Dunston's case.

We have long recognized that the filing of a notice of appeal "divests a [district] court of jurisdiction over those aspects of the case involved in the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (internal quotation marks omitted). Although "[a] district court retains jurisdiction over matters in aid of the appeal," a district court generally does not act "in aid of the appeal" by vacating the decision from which the appeal was taken and reopening the underlying case. *Id.* (internal quotation marks omitted); *see Doe v. Pub. Citizen*, 749 F.3d 246, 259 (4th Cir. 2014) ("A district court does not act in aid of the appeal when it alters the status of the case as it rests before the court of appeals." (alteration and internal quotation marks omitted)).

Applying those principles here, we conclude that the district court lacked jurisdiction to enter the December 14 order while this appeal was pending. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (explaining that a district court

2

lacks jurisdiction to sua sponte vacate its own judgment under Fed. R. Civ. P. 60(b)(6) "if an appeal from the judgment [is] pending and the court of appeals [has] not . . . remand[ed] for consideration of such relief"). Accordingly, the December 14 order neither moots this appeal nor otherwise undermines our ability to assess the correctness of the November 24 memorandum opinion and order.

Turning to the merits of the November 24 memorandum opinion and order, we are satisfied that the district court erred when it dismissed Dunston's complaint because he had complied with the district court's earlier order by paying the full filing fee. Accordingly, we vacate the November 24 memorandum opinion and order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*