**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1549

PAUL A. BOYNE,

        Plaintiff - Appellant,

    v.

MICHAEL SPONHEIMER, in individual and official capacity as state trooper; SAMANTHA MCCORD, in individual and official capacity as state trooper; JANE DOE, in individual and official capacity as state trooper,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:23-cv-00578-MSN-LRV)

Submitted:  September 28, 2023           Decided:  October 2, 2023

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul A. Boyne, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul A. Boyne appeals the district court's order dismissing his civil complaint against Defendants because Boyne failed to comply with a previously issued prefiling injunction. After Boyne appealed, the district court granted Boyne's Fed. R. Civ. P. 60(b) motion, temporarily stayed the prefiling injunction, and ordered Boyne to show cause why the temporary stay should not be lifted.

As an initial matter, we conclude that the district court lacked jurisdiction to rule on Boyne's Rule 60(b) motion while this appeal was pending. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (explaining that a district court lacks jurisdiction to sua sponte vacate its own judgment under Rule 60(b) "if an appeal from the judgment [is] pending and the court of appeals [has] not . . . remand[ed] for consideration of such relief"); *see also Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ("[A]llowing a district court to grant a Rule 60(b) motion while an appeal from the judgment is pending cannot be considered in furtherance of the appeal"). Thus, the district court's order granting Rule 60(b) relief neither moots this appeal nor otherwise undermines our authority to assess the propriety of the dismissal order.

Turning to the merits of the dismissal order, we have reviewed the record and discern no error in the district court's decision to dismiss Boyne's complaint. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 348 (1976) (recognizing that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner," which is met so long as "a person in jeopardy of serious loss ([is] given) notice of the case against him and opportunity to meet it" (internal quotation marks

omitted)); *see also Cromer v. Kraft Foods N. Am., Inc.*, 390 F 3d 812, 819 (4th Cir. 2004) ("*[B]efore a judge issues a prefiling injunction . . .* he must afford a litigant notice and an opportunity to be heard." (emphasis added)).  Accordingly, although we grant leave to proceed in forma pauperis, we affirm the appealed-from order.  *Boyne v. Sponheimer*, No. 1:23-cv-00578-MSN-LRV (E.D. Va. filed May 5, 2023 & entered May 9, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3